FILED

APR 23 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES P. CAMPBELL; CHERI A. STADTLANDER,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>INDYMAC MORTGAGE SERVICES, a division of OneWestBank, FSB; MORTGAGE ELECTRONIC REGISTRATION SERVICES,<br><br>        Defendants - Appellees. | No. 11-35826<br><br>D.C. No. 2:11-cv-00867-RSL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted April 16, 2013[**]

Before:    CANBY, IKUTA, and WATFORD, Circuit Judges.

James P. Campbell and Cheri A. Stadtlander appeal pro se from the district

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's judgment dismissing their action alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") in connection with foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim and for an abuse of discretion the denial of leave to amend. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040-41 (9th Cir. 2011). We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

Dismissal of Campbell's and Stadtlander's RICO claims was proper because the specific allegations in their complaint did not set forth facts demonstrating the requisite pattern of racketeering activity involving more than one transaction, *see Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1535 (9th Cir. 1992) (pattern requires more than one scheme with a "single purpose which happen[s] to involve more than one act taken to achieve that purpose"), and their remaining conclusory allegations failed to allege fraud with the required particularity, *see* Fed. R. Civ. P. 9(b) (allegations of fraud must be "state[d] with particularity").

The district court did not abuse its discretion by denying leave to amend the complaint to add Regional Trustee Services Corporation as a defendant. *See Cervantes*, 656 F.3d at 1041 ("Although leave to amend should be given freely, a

district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

**AFFIRMED.**